## IN THE COURT OF APPEALS OF IOWA

No. 22-1262
Filed January 25, 2023

**IN THE INTEREST OF D.N., S.N., D.S., S.S., and E.S.,**
**Minor Children,**

**Y.S., Mother,**
     **Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Susan Choate Cox, District Associate Judge.

A mother appeals, challenging adjudication and removal orders. **AFFIRMED.**

Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Lynn Marie Vogan, Des Moines, attorney and guardian ad litem for minor children D.N. and S.N.

Gina Elizabeth Verdoorn Burress of Carr Law Firm, P.L.C., Des Moines, attorney and guardian ad litem for minor children D.S., S.S., and E.S.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother has five children, born in 2006, 2007, 2014, 2016, and 2018.  Her husband is the stepfather of the oldest two children and the father of the youngest three.

The Iowa Department of Health and Human Services issued two founded child abuse reports against the stepfather for sexually abusing the oldest two children.  The department also issued founded child abuse reports against both parents for physically abusing all five children.

The district court granted the State's application to have the five children temporarily removed from the mother's custody.  The court later held a combined removal/adjudication hearing.  Following the hearing, the court confirmed the prior removal and adjudicated the children in need of assistance.  In time, the court filed a disposition order reconfirming the adjudication.   The mother appealed, challenging the adjudication and removal orders.

The district court cited three grounds for adjudication: Iowa Code sections 232.2(6)(b), (c)(2), and (d) (2021).[1]  We will address the evidence supporting all three, because the grounds for adjudication may affect the grounds for termination of parental rights if the case proceeds to that stage.  *See In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014).

---

[1] Effective July 1, 2022, chapter 232 defines "child in need of assistance" as "a child who has been found to meet the grounds for adjudication pursuant to section 232.96A." 2022 Iowa Acts ch. 1098, § 2 (codified at Iowa Code § 232.2(6) (Supp. 2022)).  Iowa Code section 232.96A (Supp. 2022), in turn, incorporates the language of the three cited provisions in Iowa Code sections 232.96A(2), (3)(c), and (4).  Because the State petitioned to adjudicate the children in need of assistance in October 2021, all citations are to the 2021 Iowa Code unless stated otherwise.

Iowa Code section 232.2(6)(b) defines a child in need of assistance as a child "[w]hose parent, guardian, other custodian, or other member of the household in which the child resides has physically abused or neglected the child, or is imminently likely to physically abuse or neglect the child."[2]  As noted, the department filed a founded child abuse report against the mother and her husband after investigating allegations of physical abuse against the children.  The report stated the oldest two children "suffered injury when their mother [] punched them in the face" and the youngest three children "all suffered injury when their father [] used a belt to discipline them."  The department determined the injuries were "nonaccidental" or the "history given [was] at variance with the injur[ies]."  The department cited the oldest two children's reports that "their nose bled when their mother punched them"; the oldest child's recollection of seeing "bruises and red marks" on the youngest three children's bottoms; a statement by one of the three children that the marks lasted for many days; and another child's statement that the marks were sometimes purple.  We conclude the district court appropriately adjudicated the children in need of assistance under Iowa Code section 232.2(6)(b).

Iowa Code section 232.2(6)(c)(2) defines a child in need of assistance as a child "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care

---

[2] Effective July 1, 2022, the legislature amended the definition of "[p]hysical abuse or neglect" to eliminate the reference to "neglect."  *See* Iowa Code § 232.2(42) (Supp. 2022).  The legislature did not eliminate the reference to "neglect" in Iowa Code section 232.96A(2).

in supervising the child." The record was replete with evidence of the mother's imperfect supervision skills. She hit the oldest children, causing injuries to them; declined to intervene when her husband struck the youngest three children; and gave no credence to her daughters' sex abuse allegations. At the removal/adjudication hearing, she categorically stated she did not believe their assertions, notwithstanding the detailed statements they gave a forensic interviewer. And she acknowledged she and the stepfather continued to "live together" despite a no-contact order precluding him from interacting with the children. While it was her prerogative to believe her husband's version of events over those of her children, it is "folly to think the mother will stand sentinel to protect against a foe she doesn't acknowledge exists." *In re D.D.*, 955 N.W.2d 186, 193 (Iowa 2021). We conclude the district court appropriately adjudicated the children in need of assistance under Iowa Code section 232.2(6)(2)(c).

Iowa Code section 232.2(6)(d) defines a child in need of assistance as a child "[w]ho has been, or is imminently likely to be, sexually abused by the child's parent, guardian, custodian, or other member of the household in which the child resides." The oldest child told the forensic interviewer that she calls her stepfather "Dad." She described an episode in which her stepfather came into her room and sexually abused her. She did not say anything to her mother because she was scared, but she immediately texted her grandfather and asked if she could tell him something. She also texted her aunt later that day. Messages on her phone corroborated her assertion. The mother's second child likewise told a forensic interviewer that her stepfather twice performed sex acts on her. She said they

could not have been accidents. She did not tell her mother because she did not think her mother would believe her.

The stepfather invoked his right to remain silent with respect to the sex abuse allegations. The district court drew adverse inferences from his failure to testify, as the court was entitled to do in a civil proceeding. *See In re R.V.*, No. 22-0689, 2022 WL 16631214, at *4 n.5 (Iowa Ct. App. Nov. 2, 2022) (citing *State v. Heard*, 934 N.W.2d 433, 440 n.4 (Iowa 2019)). We conclude the district court appropriately adjudicated the children in need of assistance under Iowa Code section 232.2(6)(d).

The mother next contends "removal of the children from her care was inappropriate." She argues the children should have been allowed to remain in her custody at the outset and should have been returned to her custody at the time of the disposition hearing. The State responds, "Any error with relation to the initial removal order or the continued removal at the time of adjudication were rendered moot by the subsequent entry of a dispositional order." We partially agree.

Any issues relating to the initial temporary removal order are moot. *See In re A.M.H.*, 516 N.W.2d 867, 871 (Iowa 1994) ("Any error committed in granting the temporary ex parte order cannot now be remedied. We cannot go back in time and restore custody based on alleged errors in the initial removal order."). The same cannot be said of the children's continued removal. *See id.* at 872. That said, the mother waived any challenge to the continued removal of the oldest two children when she sought a dispositional order returning only the youngest three children to her custody. With respect to those three, the mother's cohabitation with the father precluded a return of the children to her custody.

On our de novo review of the record, we affirm the order adjudicating the children in need of assistance and the dispositional order confirming their continued removal from the mother's custody.

**AFFIRMED.**